NEW-YORK GENERAL TERM, April, 1848.    *Cady, Willard, and Edmonds,* Justices.

## BOGERT *vs.* BURKHALTER.

In an action to recover damages for the breach of a contract, if the damages do not necessarily arise from the breach complained of, so as to be implied by law, the plaintiff must specify, in his declaration, the particular damage which he has sustained; or he will not be permitted to give evidence of it.

THIS was an action of trespass on the case, tried before Justice Morehouse at the New-York circuit, in October, 1847. The declaration alleged that in consideration that the plaintiff would sell and convey to him a certain lot of land in the city of New-York for the price or sum of $2850, the defendant undertook and promised the plaintiff that he would erect upon the premises a good brick dwelling house, to be occupied as such; and that he would not erect on the premises any building to be occupied in any manner that would be a nuisance to the vicinity of the premises. The plaintiff averred that he did sell and convey to the defendant the premises aforesaid, for the price or sum so agreed on; but that the defendant had not erected a good brick dwelling house on the lot, to be occupied as such, but on the contrary had suffered and permitted a bake-house to be erected thereon, and had suffered and permitted the premises to be occupied in a manner that was a nuisance to the vicinity of the premises. The breaches assigned in the 2d, 3d, and 4th counts of the declaration, are stated in the opinion of the court. The declaration did not allege any special damage,

Bogert v. Burkhalter.

but concluded generally, to the damage of the plaintiff of $6000. The defendant pleaded the general issue, and gave notice of special matter. On the trial, the plaintiff proved the execution of the contract for the sale and purchase of the lot, and the deed of the premises from the plaintiff to the defendant. Upon the plaintiff's attempting to show the erection of the bake-house, and in what manner it was occupied, at what time in the day or night the people in it began to work, &c. the defendant's counsel objected to the evidence, on the ground of its irrelevancy, and because the defendant was not answerable, under the declaration or agreement sued upon, for the conduct of people in the bakery, and because no special damage, on that account, was claimed by the declaration. This objection was overruled by the court; to which decision the defendant's counsel excepted. And the court allowed evidence to be given for the purpose of proving that the bake-house was a nuisance. A witness being asked to what amount the erection of the bake-house affected the value of the premises, the question was objected to by the defendant's counsel, because no special damage was alleged in the declaration, and the objection was allowed by the court, and the evidence excluded. After the evidence was closed, the plaintiff's counsel rested his case, and the defendant's counsel moved for a nonsuit; (1st.) Because the plaintiff in his declaration had alleged no special damage; and that this action could not be maintained without the allegation and proof of special damage. (2d.) Because he had not shown that he had performed his part of the agreement on which this action was brought. The counsel for the plaintiff claimed, and offered to prove, the amount of actual damage which the plaintiff had sustained in the depreciation of the premises owned by him adjacent to the lot sold to the defendant, occasioned by the breach of the contract set forth in the declaration. But the judge decided that there not being any special damage alleged in the declaration, such evidence was inadmissible, and refused to allow the same to be introduced; to which decision the plaintiff's counsel excepted. The judge further decided that because of the want of any averment of

special damage, and consequently the want of proof of such damage, if the cause was to go to the jury, he must instruct them that they would not be at liberty to find a verdict for special damages, but must return a verdict for general damages only, for the breach of the defendant's agreement, which general damages were only nominal, six cents; and that he would so instruct the jury, unless the plaintiff's counsel preferred a nonsuit. The plaintiff's counsel thereupon, under this ruling of the judge, requested a nonsuit instead of such direction to the jury, and the court, in accordance with the election of the plaintiff's counsel to be nonsuited, directed a nonsuit to be entered; with liberty to the plaintiff to move to set the same aside, and for a new trial. And upon a case made by the plaintiff, a motion to that effect was now made.

*Tucker & Crapo*, for the plaintiff. I. Damages which necessarily, and by implication of law, ensue from the non-performance of a contract, need not be expressly detailed in the declaration, and are recoverable under the common conclusion "ad damnum" generally. (*Chit. on Cont.* 875.) II. The declaration in this cause counted upon a contract, and averred a specific breach thereof. By implication of law, the plaintiff was entitled to some damage. The quantum of such damages ought to have been left to the jury. (1 *Chit. on Plead.* 338, 428. *Archb. Civil Plead.* 156. 4 *Amer. Com. Law,* 216.) III. The judge at the circuit erred in excluding testimony as to the amount of damages sustained by the plaintiff. It was not necessary for the plaintiff to aver any special damage in his declaration, inasmuch as the breach of the contract entitled him to some damage. It had been already proved that the plaintiff had sustained damage, and also the nature and manner of the damage. The amount was a question for the jury. IV. The judge at the circuit erred in deciding that the plaintiff had a right to nominal damages only. The breach of the contract set forth in the declaration averred that the plaintiff had erected a bake-house which was a nuisance. In order to prove the breach thus laid, the plaintiff was bound to show that the

Bogert *v.* Burkhalter.

bake-house was a nuisance; which was a question entirely for the jury. That the bake-house was a nuisance could only be shown by proving that certain damages and injuries had been sustained by reason thereof. And the nature and extent of those damages being in evidence, the question as to their amount could not be taken from the jury. (1. *Saund.* 243, *d. n.* 5. *Rising* v. *Granger*, 1 *Mass. Rep.* 47. *Strange*, 156. 1 *Nott & McCord*, 343.)

*E. L. Fancher*, for the defendant. I. Although the plaintiff was *in form* nonsuited at the trial, it was according to his express election and request; he preferring a nonsuit to a verdict for general or nominal damages. The case is to be treated on this argument, therefore, as if the cause had been submitted to the jury at the circuit under the charge of the judge, to find for the plaintiff a verdict with general or nominal damages, and as if the jury had actually found such verdict. The real question therefore is, whether in this action the plaintiff could prove and recover *special damages*, although not claimed in his declaration. II. *General damages* are such as the law implies, and which are seen to be the necessary result of the injury complained of. The damages which the plaintiff in this cause offered to prove, and claimed to recover, were the "damages which the plaintiff had sustained in *the depreciation of the said premises owned by him adjacent to the*" bakery. But what can the law know of the plaintiff's ownership of adjacent premises, when it is not hinted at in his declaration; or how imply any depreciation of those premises? III. It is a well settled principle, that whenever *special* damages are claimed, or are the *gist* of the action, they must be averred specially in the declaration, or the plaintiff will not be allowed to give evidence thereof at the trial. (*Archb. Pl.* 156, 157. 1 *Chit. Pl.* 395. 1 *Burrill's Prac.* 134. *De Forrest* v. *Leete*, 16 *John.* 122. *Squire* v. *Gould*, 14 *Wend.* 159.) IV. Although the plaintiff might have been entitled to a verdict for the breach of the agreement sued upon, the jury, under proper instructions, could not have found any thing but trifling damages. If, therefore,

Bogert *v.* Burkhalter.

the supposition could be indulged that they might not have found exactly six cents, still they would have been limited to a nominal sum.  As no other verdict could be sustained by the declaration in this cause, the court will not grant a new trial, because a nominal sum, different from six cents, might possibly be fixed upon by the jury.  For a new trial is never granted where the claim is trifling.  (2 *Tidd's Prac.* 941.  *Jones* v. *Dale,* 9 *Price,* 591.  *Scott* v. *Watkinson,* 4 *M. & P.* 237. *Ex parte Bailey,* 2 *Cowen,* 479.  *Feeter* v. *Whipple,* 8 *John.* 369.  *Seymour* v. *Deyo,* 5 *Cowen,* 289.)  V.  Besides; depreciation in the value of the plaintiff's premises adjoining the bakery, is not a damage for which a recovery may be had, even if it had been averred in the declaration.  VI. On the merits of this cause, upon the plaintiff's own showing, he cannot sustain this action ; because it is barred by his deed of the premises to the defendant.  This deed was the *final contract* between the parties.  The agreement was *executory,* and the deed purports, and must be taken, to have been *given and accepted* in full completion and performance of all prior agreements relating to the land thereby conveyed.  VII. The agreement sued upon is a mere *personal contract,* and does not run with the land.  The case shows that the defendant, *himself,* has not broken it ; the defendant under his deed had certainly full right to convey the premises.  Therefore if the plaintiff had not provided, in the agreement, against a breach of it by the defendant's *assigns,* no action for such breach can be sustained.  VIII. The nonsuit should be confirmed and a new trial denied with costs.

*By the Court,* CADY, P. J.  The nonsuit ought to be set aside in case the justice erred in ruling that the plaintiff was only entitled to nominal damages.  Whenever the damages sustained do not necessarily arise from the act complained of, and consequently are not implied by law, in order to prevent the surprise on the defendant which might otherwise ensue on the trial, the plaintiff must in general state the particular damage which he has sustained; or he will not be permit-

ted to give evidence of it. (1 *Chitty on Plead.* 386, *ed. of* 1809.) The plaintiff conveyed to the defendant a lot of land in the city of New-York—and the plaintiff has in the first count in his declaration alleged that the defendant promised that " he would erect on that lot a good brick dwelling house to be occupied as such, and would not erect on the said premises any building *to be occupied in any manner that would be a nui- sance to the vicinity of the said premises.*" The promise stated in the second count is the same as the promise made in the first count, except that instead of the words " vicinity of the premises," in the first count, the words " to the place," are used. The promise in the third count is the same as in the first, except that the defendant promised that he would erect within a reasonable time, and would not *suffer or permit* to be erected on the said premises, any building to be occupied in any manner which would be a nuisance to the vicinity of the said premises. The promise in the fourth count varies from that in the third count, in the same manner as the promise in the second count varies from that in the first count. What are the breaches alleged? One breach alleged in each count is in substance that the defendant had not erected a good brick dwelling house on the said lot to be occupied as such; but there is nothing alleged in the declaration showing that by this breach of the defendant's contract the plaintiff has sustained any greater or other damage than every other person in the city of New-York has sustained; there is one less good brick dwelling house in the city of New-York to be gazed at than there would have been had the defendant performed his con- tract. It does not appear from the declaration that the plain- tiff had any property near the lot on which the defendant promised to build a house, which would have been increased in value by the defendant's performance of his promise. The second breach alleged in the first and third counts is that the defendant has suffered and permitted a bake house to be erected on the said lot. This however is no breach. The de- fendant made no promise that he would not erect or suffer a bake house to be erected on the said lot. The third breach

Bogert *v.* Burkhalter.

alleged in the first and third counts is, "that the defendant has *suffered* and *permitted* the premises to be occupied in a manner which is a nuisance to the vicinity of the said premises." That is not a breach of any promise stated in the first or third counts in the declaration. The promise in the first count was that the defendant would not erect; and in the third count that he would not suffer or permit any building to be erected, on the lot, to be occupied in any manner that would be a nuisance to the vicinity of the said premises. Had the defendant surrounded his lot with a fence, and filled it with swine, and fed them with slop from a distillery, it would have been no breach of his contract. He promised not to erect, or suffer to be erected, on the said lot any building to be occupied in any manner that would be a nuisance; and it is not alleged in the first or third counts that the bake house has been occupied at all, or in any manner which has made it a nuisance. But suppose the bake house has been so occupied as that it has been a nuisance. How has it damnified the plaintiff? The declaration does not show that he has been annoyed by the heat and smoke issuing from the bake house, or that he has any property which has been lessened in value by the bake house. The second breach assigned in the second and fourth counts is that the defendant has suffered and permitted a building, to wit, a bake house, to be erected on the said lot, which is a nuisance within the meaning and intent of the written agreement. It would not promote the prosperity of the city of New-York to remove every bake house from it as a nuisance. But suppose the bake house which has been erected on the lot in question be a nuisance. The plaintiff has not stated how it has injured him; and consequently the motion to set aside the nonsuit must be denied.