## JAMES NEARY *v.* HOMER BOSTWICK.

The damages recoverable in an action for a breach of covenant, must not only be averred in the complaint, but must be shown with reasonable certainty at the trial, and not left to speculation and conjecture.

N. claimed damages of B., and threatened a suit for an alleged breach of covenant. The claim being disputed in good faith by B., they met, and after considering the subject, B. paid $20, which N. accepted, saying that all his claim was settled, and he would not sue: *Held*, a binding accord and satisfaction.

APPEAL from a judgment of the Second District Court in favor of the plaintiff. The facts are very fully stated in the opinion.

*John B. Scoles*, for the appellant.

*John B. Holmes*, for the respondent.

By the Court, HILTON, J.—The plaintiff complained before the justice for a breach, by the defendant, of a covenant contained in his lease to the plaintiff of the upper part of the building and premises No. 502 Broadway. In the language of the complaint, the breach consisted in " not studding and boarding up the premises; also in bad studding and improperly encroaching upon the plaintiff's premises in its putting up, and in not taking it away at the proper time." The answer was general denial, and accord and satisfaction. The justice gave judgment for the plaintiff for $150 damages, and the defendant appeals; the principal grounds relied on being, that no cause of action was shown, and also that it was proven, that before the action was brought the plaintiff received of the defendant $20, in full satisfaction of his present demands.

It appeared that the defendant leased to the plaintiff for one year, from May 1st, 1858, the upper part of house No. 502 Broadway, with the kitchen and a privilege in the yard. In the written agreement, it was recited that the defendant intended to take down the south wall of the house, for the purpose of erecting a party wall, and the plaintiff agreed to give free access, at all times, to the persons engaged in such work, and to permit them to do everything necessary and proper for its execution and completion. Also, that he would not make any claim for any loss, injury or damage sustained by him in consequence of such work or the manner in which it might be conducted; and the plaintiff was not to do any repairs, of any kind, in or upon the premises, either before or after the completion of the work. After this lease and agreement was prepared and ready for execution, as it would seem from an inspection of it, there was added to it a fire clause, and also an agreement, by the plaintiff, to put up studding and boarding to inclose the premises, and to take the same away after the completion of the wall; and for a breach of this covenant the present action was brought. The evidence on the part of the plaintiff, at the trial, tended to show that the studding and boarding up unnecessarily encroached upon his stairway, by which access to the second story was had from the street

door.   That it did not extend to or include the whole of the kitchen, or to any part of an addition, one story in heighth, which existed at the end of the first story hall, and was formed by inclosing the back stoop, through which access was generally had to the yard, although it could be and was likewise reached by a stairway from the roof of this addition.   One of the witnesses testified that the stairway was, by the encroachment, made so narrow, that three or four times he heard both ladies and gentlemen refuse to go up; the difficulty being, in the language of the witness, that in going up " a lady would have to raise her dress and squeeze."   On his cross-examination, however, it appeared that although he worked for the plaintiff, he knew of no customers thus refusing; that he could not name the parties he saw refuse, nor did he know their business.

It was also shown, that the plaintiff put up a stairway two or three days after the studding was up, and thereafter there was free ingress.   The cost of this stairway was $30, or thereabouts. The addition or extension on the first floor was proven by the plaintiff as being worth, to rent, from $175 to $200 per annum, until after the wall was taken down, and by reason of which it was rendered valueless.   The business carried on by the plaintiff on the premises was the manufacture of potichomanie, diaphané, and Jouven's glove cleaner.   Its extent, or in what manner it was affected, if at all, by the injuries complained of, was not made to appear; nor was it shown in what degree, or to what extent, if any, the premises were rendered less valuable or useful to the plaintiff by reason of the alleged breach of the agreement by the defendant, in respect to the studding and boarding.   During the progress of the work, access could at all times be had to the yard, although it was considered dangerous and unpleasant on account of the caving in of the earth, yet no accident ever happened, nor was any special injury shown to have resulted from this inconvenience or fear of danger.

When the troubles and injuries complained of by the plaintiff would seem to have reached their highest point, and in the month of July, the defendant called on him, and he demanded

damages for his injuries at that time, stating what they were, and in what they consisted. He then agreed to take $20 for his demands, and the defendant paid it, the plaintiff saying that he took it to save trouble. Upon this point the plaintiff further testified, that he accepted this $20 as a compromise only, for his loss of rent of the addition up to that time; but the subsequent testimony on the part of the defendant, and which the plaintiff did not deny, was that the defendant declined to pay anything whatever, claiming that the agreement permitted what was done, and that the plaintiff had no right under it to the addition or extension. The plaintiff threatened a lawsuit, and was told to sue away; and the defendant arose to go. The plaintiff then said he would take $20 and settle it, and the defendant paid it to prevent a lawsuit. The plaintiff had previously stated all he complained of, and which was of the hole in the cellar, the timbers under the building, and the addition. On receiving the $20 he pledged his honor that all his claim was settled, and he would not sue.

The outline of the case here given is from the plaintiff's evidence, except as to the defence of accord and satisfaction; and that is taken from the whole case. Upon such testimony, I am at a loss to discover upon what ground the justice arrived at his conclusion that the plaintiff was entitled to the damages he awarded. The action was upon an alleged breach of covenant, and in such cases it is well established that the damages to be recovered must not only be averred, but must be shown with reasonable certainty, and not left to speculation and conjecture. 1 Chit. Pleadings, 386; *Squier* v. *Gould*, 14 Wend. 159, and cases cited; *Bogart* v. *Buckhalter*, 2 Barb. S. C. R. 525; *Fox* v. *Decker*, 3 E. D. Smith, 154; *Giles* v. *O'Toole*, 4 Barb. S. C. R. 264; *Vanderslice* v. *Newton*, 4 Comst. 132; *Griffin* v. *Colver*, 16 N. Y. Rep. 489; Sedgwick on Damages, 575, 576.

Here the omission of the averment of any damage whatever in the complaint cannot be now considered, as the defendant waived all objection to such omission by answering and going to trial upon it. But this waiver was not an admission that the

plaintiff had sustained actual damage, and it was still necessary for him to prove the special injuries caused by the breach alleged, and the damages which were the immediate consequence of such injuries. The proof in respect to the addition was entirely immaterial, and could form no ground of recovery. The premises rented were the upper part of the building, with a kitchen in the basement story and access to the yard. The addition was an inclosed back stoop on the first floor ; and under the agreement the plaintiff acquired no right to it beyond that of a right of passage through it so far as was necessary to enable him to enjoy his yard privilege. He had no right to permanently occupy it or rent it, and the proof upon that point was not only inadmissible, but immaterial when admitted.

It would seem, from some of the evidence introduced without objection, that the plaintiff claimed, as damage, loss of customers and injury to his business. But, as I before said, no proof was given from which any such damage could be determined. He could not recover for an interruption of his business unless he proved it to have been interrupted, nor for any loss, without evidence showing the nature and extent of such loss. And, in any event, he would be limited in his recovery to the actual loss and injury proven. *Walter* v. *Post*, 6 Duer, 363. He chose to hire the premises with a full knowledge of the defendant's intention to build the wall, and while it was in progress he remained in the absolute possession, notwithstanding, as he now claims, the defendant failed to perform his covenant in respect to the studding and boarding ; and in such a case I think the extent to which he might recover, conceding that the defendant neglected to do as he contracted, would be the difference in value to the plaintiff between the premises in the state they actually were in, and the condition in which they would have been had the studding and boarding been put up in the manner agreed upon. *Griffin* v. *Colver*, (*supra*).

But he was not entitled to make repairs under the agreement, and charge the expense to the defendant. This was expressly stipulated against by the clause which provided that the defend-

ant was not to make any repairs, either before or after the work was completed.

In addition, however, to the views I have here presented, I am of opinion that the plaintiff was not, under the special agreement he entered into respecting the occupation of the premises, entitled to recover at all. He expressly agreed not to make any claim for loss, injury or damage sustained by him in consequence of such work or the manner in which it might be conducted; and whether the work, which included the building of the wall, the studding and boarding, and all other matters in any way connected with or consequent upon the wall being erected, was properly or improperly done, he agreed to make no claim for any damage which he might sustain by reason of it.

There is, however, still another and equally fatal objection to the plaintiff's recovery, in the defence of accord and satisfaction.

The clear weight of the evidence on this point being as I have stated, I do not understand why it was ignored by the justice. The parties were shown to have met respecting the subject matter and injuries complained of in this action. There can be no doubt that the defendant disputed the claim in good faith, (*Palmerston* v. *Huxford*, 4 Denio, 166), and after the parties had considered the matter in dispute, the defendant paid, and the plaintiff accepted the $20, saying that all his claim was then settled.

In no view that I have been able to take of this case can the judgment of the justice be sustained.

Judgment reversed.