Mary Toohey, Respondent, *v.* Emily Patterson,
Appellant.

(County Court, Saratoga County, December, 1906.)

Landlord and tenant — Rights, duties and liabilities in regard to prem-
ises — Possession, enjoyment and use — Injuries to premises — By
tenant; by third persons.
Negligence — Actions — Evidence — Weight   and   sufficiency — Persons
causing injury.

> In an action by a landlord against his tenant's wife to recover
> for injuries to the demised premises in that rooms clean and newly
> papered at the beginning of the term were left smoky, dirty and
> stained at its close, in the absence of proof that the injuries were
> caused by the defendant's own negligence, a recovery cannot be had
> and a judgment against her will be reversed.

Appeal by defendant from a judgment of a Justice's
Court rendered in favor of plaintiff.

William E. Bennett, for appellant.

Henry F. Toohey, for respondent.

Rockwood, J.   On or about May 1, 1904, the plaintiff
made an oral lease to the husband of the defendant of cer-
tain premises in the village of Schuylerville, N. Y.   The
defendant and her husband occupied the premises for about
two years; and the plaintiff, claiming that the house had
been seriously damaged, brought this action against the wife
to recover judgment for the said damages in the sum of
forty dollars and costs.

Upon the joinder of issue the action was tried before a
justice of the peace and a jury and a verdict rendered in
favor of the plaintiff for the sum of ten dollars damages
and six dollars and thirty-five cents costs.   The defendant
has appealed, alleging, among other things, that she is not
legally liable for the damage claimed and that, if any cause
of action exists in favor of the plaintiff, it is against the
husband of the defendant.

County Court, Saratoga County, December, 1906. [Vol. 52.

At the outset it is to be noted that there is no question but that the lease was made to the husband of the defendant, the plaintiff herself testifying as follows: " I rented the house to Mr. Patterson, he came to me and wanted to rent it; he paid seven dollars per month in advance."

When the case was called for trial the defendant demurred to the plaintiff's complaint on the ground that it did not state facts sufficient to constitute a cause of action. This was overruled by the justice; and the defendant then interposed an answer containing a general denial of the allegations of the complaint and averring that the premises were leased by defendant's husband, and that any injury arising was incident to and arising from the ordinary use and occupation of the premises as a place of abode.

When the plaintiff was called as a witness, the defendant's counsel interposed timely objections to her testimony upon the ground that the premises were leased to the husband and that defendant was not liable.

The issue presented by the appeal was, therefore, squarely before the trial court and the rights of the defendant were again protected by a motion to dismiss the complaint at the close of the plaintiff's testimony substantially for the same reasons urged in defendant's demurrer.

The jury, in their deliberation upon the questions presented, were evidently embarrassed by a doubt as to the law of the case and, before announcing their verdict, returned to the court and propounded the following question to the justice: " Q. In a case of this kind is the wife responsible for the damage done property rented by the husband? "

The return filed shows that the justice ruled " That, inasmuch as the action was brought against the wife, the Court is of the opinion that the damage was solely against the wife as set up in the complaint in this action."

To this ruling the defendant duly excepted, and the jury thereupon rendered a verdict for ten dollars damages in favor of the plaintiff. The defendant moved to set aside this verdict as being against the weight of evidence, which was denied.

Plaintiff's theory of the case seems to be that the dam-

ages complained of were the result of affirmative negligent acts of the defendant. The evidence, however, fails to sustain this contention, the witnesses testifying in substance that, while the rooms were clean and newly papered and painted when originally leased, they were left in a smoky and dirty state, the woodwork being stained and the whole property requiring a substantial cleansing in order to restore it to its previous habitable condition. It is not shown in the evidence that the defendant by reason of her own negligence occasioned this result; and, concededly, if the damages were merely incident to the occupation, the husband who made the lease and not the defendant is liable therefor.

From the evidence in this case, the court is unable to discover any theory upon which a recovery can be had against the defendant. But, even if she were liable, the proof is barren of evidence of the amount of damages sustained by plaintiff, nor is there any testimony in that respect upon which the jury could properly base a verdict. There should have been proof of the damages sustained or the plaintiff's case fails in a material element. Blair v. Bartlett, 75 N. Y. 150; Neary v. Bostwick, 2 Hilt. 514; Squier v. Gould, 14 Wend. 159; Bogert v. Burkhalter, 2 Barb. 525; Giles v. O'Toole, 4 id. 264; Vanderslice v. Newton, 4 N. Y. 132; Griffin v. Colver, 16 id. 489.

Numerous other errors in the reception and rejection of evidence were complained of by the appellant; but, in view of the determination stated above, their consideration is not necessary.

For the reasons stated the judgment is reversed, with costs.

Judgment reversed, with costs.