THOMAS N. NOBLE *vs.* AMES MANUFACTURING COMPANY.

The defendant, doing business in Massachusetts, wrote to the plaintiff in the Sandwich Islands, "I am ready to offer you a foreman's situation at these works as soon as you may get here; pay $1500 per year." The plaintiff accepted the proposition and came, but the defendant refused to employ him. In an action for the breach of this contract, the jury were instructed that the plaintiff could recover as items of damage his expenses in coming from the Sandwich Islands and compensation for the time consumed in his journey. *Held,* that neither of these items was an element to be taken into account in the computation of his damages.

CONTRACT. The declaration was as follows :

" And the plaintiff says that he is a machinist of great skill and long experience; that he was employed in business at Wailuku in the Sandwich Islands ; that the defendant engaged him to abandon his said business and leave Wailuku and come to said Chicopee to take the position of a foreman in the employment and in the manufacturing establishment of the defendant as soon as he, said plaintiff, should reach Chicopee ; that he, the plaintiff, in consequence of such engagement and by agreement with the defendant for such position as foreman at a good salary, did abandon his said business and come to Chicopee, and offered himself to the defendant ready to take the position as agreed upon, but the defendant utterly refused to employ him and would not re-ceive him but turned him away, whereby the plaintiff lost much valuable time, was put to great expense and lost his business, which was of great value and profit to him."

Trial in the Superior Court, before *Dewey*, J. The evidence of the plaintiff proved that he was, in the Sandwich Islands, engaged in the business of a machinist, in which he was making some six dollars a day ; that the defendant's works were at Chicopee ; that the only contract made between the parties was by the letters, the material portions of which are here given ; that the first two were written by the defendant's superintendent at Chicopee ; that the last was written by the plaintiff at the Sandwich Islands, and that all were sent and received in due course of mail.

" Ames Manufacturing Company, Chicopee, Mass., Oct. 11 1871. Friend Noble : Your favor of last March came duly to

hand, and I have never replied to it because I have not been in a proper shape to do so, as I will explain when I see you, which I hope will be soon.   I write this to say that I am ready to offer you a foreman's situation at these works as soon as you may get here — pay $1500 per year.   I hope your circumstances are such that you can come at once — the least delay is the better — but give yourself time to settle all your business, and leave, if possible, without any need of going back.   I have no doubt you will find nothing here but you can do, and I shall help you all I can in the work.   Write me at once on receipt of this, and let me know when to expect you.   I shall *look* for you by the first of January — *hope* to see you before.   I shall write a line, to go in same mail with this, to Mr. Fales, San Francisco, thinking you may by chance be there.   Write me at once and oblige A. C. Currier, Sup't Ames Co."

" Ames Manufacturing Company, Chicopee, Mass., Oct. 11, 1871.   Friend Noble : I have just written you, and directed the letter to Honolulu, Sandwich Islands, Haileu, as you directed me when here ; but as the letter you wrote me last March was dated and post-marked at Wailuku, Hawaiian Islands, and the country being so far off I do not know the location of things, I write you this that if you do not get that, why then perhaps you may this. I have written you that I want you to come on and take a foreman's situation at these works, and have proposed to you $1500 per year as pay.   If you are disposed to accept the offer, I hope to see you very soon.   Do not come without getting your affairs all fixed up before leaving — though I am rather impatient to see you here.   Write me on receipt of this, and tell me when to look for you.   I. hope not any later than January.   If you get this .atter and do not get the other, it will make no odds, as this has nearly all the points of that.   Let me see you soon, or at least hear from you, and oblige A. C. Currier, Sup't Ames Co."

" Friend Currier : I received yours of Oct. 11th yesterday, Nov. 2d.   I accept your offer or proposition, and will be on hand at the earliest possible date, say thus : I will leave these islands for certain by the first steamer or sailing vessel for San Francisco. The balance of the way is short.   I remain yours, &c., &c., T. N. Noble.   Wailuku, Nov. 23, 1871."

The plaintiff offered evidence to show that he arrived in Chicopee, Sunday, March 10, 1872; that the next morning he offered himself to the defendant in pursuance of the contract, but the defendant refused to employ him.

The defendant denied this, and claimed that the time of his arrival being uncertain, it was compelled to take a few days to adjust its business to the changes necessary to give the plaintiff the place mentioned in the letters, and that the plaintiff was so informed.

The plaintiff did not return to the Sandwich Islands, but soon after obtained employment at Holyoke, at three dollars per day, till June 24, when he began work at Lowell, at four dollars per day, where he has ever since resided and been employed.

The plaintiff testified that when the defendant refused to receive him, he gave notice that he should claim damages. Against the objection of the defendant, the plaintiff was permitted to prove to the jury, as elements of damages, that he left his place of residence in the Sandwich Islands, on the first of January, 1872, to come on to fulfil the contract; that he was detained in the harbor at the islands until the 10th of January, and that upon his arrival at San Francisco he was detained some thirty days before he could obtain transportation; and he was also permitted to prove the cost of his fare from the Sandwich Islands to Chicopee; the cost of his board at the harbor in the Sandwich Islands and at California, while being detained; the value of his time from the first of January until his arrival, and his expenses for sleeping cars and board while coming on. It was admitted that the plaintiff came as soon as he could, being detained by storms.

The court instructed the jury, that if the plaintiff offered his services in accordance with his contract, and the defendant refused to employ him as foreman, and to carry out the contract, it thereby discharged him from further obligation to it, and he became entitled to damages for a breach of the contract. But if the defendant did not refuse to carry out the contract, if it only delayed placing him in the actual working position as foreman for such time as was rendered reasonably necessary by the un-

certainty or delay in his arrival, but was willing to carry out the contract with him, according to its tenor, then the plaintiff could not recover.    To these instructions no objection was made.

The defendant contended that if the plaintiff was not in fact refused employment by it upon his arrival, and if within a reasonable time the defendant company provided for him the position contracted for, it was not liable for any damages in excess of the amount that would have accrued to the plaintiff for his wages during the period of the delay, and such loss and inconvenience as might accrue from the delay.

The defendant company further claimed that if it did refuse to employ the plaintiff, yet if within a few days thereafter and before the plaintiff had entered into any other engagements, and while he was in the same condition as when he first arrived, it offered to give him the same position and pay contracted for in the letters, the plaintiff could only recover for such loss as accrued within the interval between the refusal and the offer.    The defendant asked the court to so rule, but the court refused so to do, and instructed the jury as follows, upon the question of damages :

" The plaintiff is to recover a compensation for the damages resulting to him by a breach of the contract.    The defendant had made a contract with the plaintiff.    If it failed to perform it, what loss has resulted to the plaintiff therefrom ?    How much worse is he, pecuniarily, than he would have been if the defendant had performed it ?    His expenses incurred by him in part performance of his contract in moving to Chicopee, and the time properly occupied by him in his removal, the time to be estimated at a price not greater than $1500 per year, are properly to be considered by you in assessing the damages sustained.    What do they amount to ?    But the plaintiff is not necessarily to recover the full amount paid out by him as expenses and for his time in moving.    If these expenditures and this time have placed the plaintiff in a better situation to secure a position in business, so that his expenditure has not been a total loss if he exercises reasonable diligence in procuring other employ, then, for the advantages thus obtained by him, a deduction is to be made from the cost and time.

" It was the duty of the plaintiff, after the defendant had violated the contract, to seek other employment, and take all reasonable and proper measures to secure employment, so that the loss might not be unnecessarily large. He had no right to lie by, and claim of the defendant the whole of his expenses and time. If, before he had made any other contract, an offer was made to him of the position which had been promised him, this is proper to consider on the question of damages, and as to loss which would have arisen if the plaintiff had properly conducted in relation to procuring employment."

The plaintiff's counsel stated the plaintiff made no claim to recover any damages for business sacrifices in leaving the islands and coming here to perform this contract, and none for any loss of time or other loss or damage after the refusal of the defendant to employ him, but only for the expenses and loss of time incurred up to the time of the breach of the contract. The jury found for the plaintiff in the sum of $676.50, the full amount of all the expenses and costs and loss of time as claimed by him, and the defendant excepted.

*G. M. Stearns*, for the defendant.

*G. D. Robinson*, for the plaintiff.

MORTON, J. The only contract between the parties was contained in the letters set forth in the bill of exceptions. The letter of the plaintiff is merely an acceptance of the proposition in the letters written by the defendant. Both the letters of the defendant were duly received by the plaintiff, and we must look to them to ascertain the contract of the parties. The proposition of the defendant is, " I am ready to offer you a foreman's situation at these works as soon as you may get here, pay $1500 per year." This can only be construed as an agreement to employ the plaintiff upon his arrival at Chicopee. It is not an agreement to pay him the expenses of his removal to Chicopee, or compensation for the time consumed in such removal. Such being the contract, we are of opinion that the learned judge who presided at the tria. erred in admitting evidence of the cost of his removal and the value of his time consumed therein, and in instructing the jury that they should consider these elements in assessing damages.

· The plaintiff is entitled to recover compensation for the injury and loss caused by the defendant's breach of contract. *Croucher* v. *Oakman*, 3 Allen, 185. The breach complained of was the refusal of the defendant to employ him on his arrival at Chicopee ; but the expenses of his removal were incurred before the contract took effect ; they were to be paid by the plaintiff, and were not incurred in part performance of the contract.

All that the plaintiff can claim is that he should be placed in as good a condition as he would have been in if the contract had been performed. But the ruling puts him in a better condition. If we treat this as a contract to employ him for a year, then if the contract was performed he would receive fifteen hundred dollars ; but, under the ruling, if it was broken and he remained out of employment, he could recover the fifteen hundred dollars and in addition the expenses of his removal and compensation for the time consumed therein. In *Tufts* v. *Plymouth Gold Mining Co.* 14 Allen, 407, the plaintiff sued for damages for the breach of a contract by the defendants to employ him for three years as their agent in California, alleging that they discharged him within the first year. The court held that he could recover his expenses out to California. But by the contract the defendants had agreed to pay them. If they had carried out their contract they would have paid them, and therefore these expenses were a loss to the plaintiff directly caused by the breach. In the case of *Johnson* v. *Arnold*, 2 Cush. 46, cited by the plaintiff, there is no opinion of the court stating the grounds for accepting the award of the arbitrators. But the facts of that case differ so essentially from those of the case at bar, that it cannot be regarded as an authority for the rule of damages adopted at the trial. This rule would have been correct if the defendant had agreed to pay the plaintiff's expenses from the Sandwich Islands and to compensate him for his time during the voyage ; but as his employment was to commence when he reached Chicopee and he was to pay his own travelling expenses, we are of opinion that the ruling was erroneous.                    *Exceptions sustained.*