EARL C. ANTHONY & others *vs.* NEW YORK, PROVIDENCE, AND BOSTON RAILROAD COMPANY.

Worcester.   October 5, 1893. — June 28, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Recording Lease during Arguments at Trial — Statute — Right of Lessee or Reversioner to bring Action — Damages for Destruction of Buildings by Fire from Locomotive Engines — Provisions of Written Lease as affecting Third Party — Evidence — Expert.*

At the trial of an action for damages caused by the destruction of buildings by fire communicated by the locomotive engines of the defendant railroad, it appeared that the plaintiff was lessee under a lease for ten years, which when admitted in evidence had not been recorded, but was recorded during the arguments. At the time of the fire there remained of the term nearly eighteen months, and the defendant contended that the lease was not evidence of any title in the plaintiff as against the defendant, because, being unrecorded, it was void under Pub. Sts. c. 120, § 4. The plaintiffs were in actual possession under the lease at the time of the fire. *Held,* that if the lease was recorded before the trial was finished, or perhaps even before judgment was rendered, and there was no intervening title of record, the defendant was protected, and, if the rule of evidence relative to the recording of deeds was applicable, it was satisfied by recording the lease during the arguments.

At the trial of an action for damages caused by the destruction of buildings by fire communicated by the locomotive engines of the defendant railroad, the question was raised whether the plaintiff, who was a lessee of the land and buildings thereon, was entitled to recover the full value of the buildings burnt, or whether his damages were to be confined to the injury to his possession during the unexpired term of the lease, leaving to the lessor a right of action to recover for the injury to the reversion. By the provisions of the lease it was the duty of the lessee to keep the buildings insured to an amount sufficient to repair or replace them in case of destruction or damage by fire, and to rebuild them, if burnt, unless excused by the lessor. *Held,* that the lessee was entitled to recover full damages, as if he were the bailee of the buildings, as personal property, and that his obligation to rebuild the buildings and his right to remove them and erect other buildings gave him an interest in the buildings apart from his interest in the land sufficient to enable him to recover such damages. *Held, also,* that the lessee could not be asked by the defendant if he had replaced the buildings in compliance with the lease, if the lessor had waived the lessee's obligation to rebuild, and if the lessor had taken any of the insurance on the buildings, as the liability of the defendant was to be determined on the facts as they existed at the time of the fire.

At the trial of an action for damages caused by the destruction of ice-houses by fire communicated by the locomotive engines of the defendant railroad, the plaintiff, who is a lessee of the premises under a lease requiring him to keep the houses insured to an amount sufficient to repair or replace them in case of

destruction or damage by fire, cannot be asked by the defendant the valuation of the property by the assessors for the purposes of taxation to prove the damages, or how many tons of ice he had insured in the houses when burned.

At the trial of an action for damages caused by the destruction of ice-houses by fire communicated by the locomotive engines of the defendant railroad, the defendant attempted to show by two witnesses that the ice was polluted by the sewage of a neighboring city, and therefore was unmerchantable and of little value. *Held,* that it was sufficient to say that, so far as the testimony was excluded against the objection and exception of the defendant, it did not appear that the witnesses had such actual knowledge of the condition of the pond at the time when the ice was taken from it as to make the testimony necessarily competent, and as the testimony was somewhat in the nature of an opinion or inference from facts observed at times somewhat remote from the time in question, it was in the discretion of the presiding justice to exclude it on the ground of remoteness.

TORT, under Pub. Sts. c. 112, § 214, by the plaintiffs, who were ice dealers and lessees of certain premises, including two ice-houses, alleged to have been burned by fire communicated by the locomotive engines of the defendant. At the trial in the Superior Court, before *Aldrich,* J., the jury returned a verdict for the plaintiffs, and the defendant alleged exceptions, the nature of which appears in the opinion.

*G. F. Hoar & W. A. Gile,* for the defendant.

*F. P. Goulding,* for the plaintiffs.

FIELD, C. J. The plaintiffs were lessees of land and buildings under a lease for a term of ten years from the making thereof, and the lease at the time it was admitted in evidence had not been recorded. During the arguments at the trial, the lease was entered for record in the proper registry of deeds. The term expired on October 14, 1893, and the fire occurred in April, 1891, so that at the time of the fire there remained of the term nearly eighteen months. The contention of the defendant is, that the lease was not evidence of any title in the plaintiffs as against the defendant, because, being unrecorded, it was void under Pub. Sts. c. 120, § 4.

We understand that it was not disputed that the plaintiffs were in actual possession under the lease at the time of the fire. Section 4 of Pub. Sts. c. 120, was not intended to protect persons who claim no right, title, or interest in the premises conveyed by the unrecorded deed. That such a deed conveys the title as between the parties is clear. *Dole* v. *Thurlow,* 12 Met. 157. *Earle* v. *Fiske,* 103 Mass. 491. *Smythe* v. *Sprague,* 149 Mass. 310.

The cases which hold that a deed may be received in evidence if it is recorded after action brought, and before the trial, must proceed upon the ground that the delivery of the deed passed the title as between the parties to it, although the parties to the suit may not be the same as the parties to the deed. It seems to have been regarded as a rule of practice that the deed must be recorded at some time in order to be admissible in evidence. *Wolcott* v. *Winchester*, 15 Gray, 461, 467. *Howland* v. *Crocker*, 7 Allen, 153. See *Burghardt* v. *Turner*, 12 Pick. 534; *Palmer* v. *Paine*, 9 Gray, 56.

In *Estes* v. *Cook*, 22 Pick. 295, there was no evidence of any actual possession of the lots by the plaintiff, and the ruling was that an unrecorded deed of wild land is not of itself sufficient evidence of possession by the grantee to entitle him to maintain *trespass quare clausum* against a third person. See *Bates* v. *Norcross*, 14 Pick. 224; *Kellogg* v. *Loomis*, 16 Gray, 48; *Perry* v. *Weeks*, 137 Mass. 584.

In the present case the defendant did not justify on the ground that it was the owner of, or had any interest in, the property covered by the lease. The plaintiffs were in actual possession. Actual possession of real property under a claim of right is a sufficient foundation for an action of trespass, so far as injury to the possession is involved in the suit. In this case the buildings were destroyed, and the extent of the plaintiffs' title was material on the question of damages. The only interest of the defendant in having the lease recorded, if it has any interest, is that it may be protected against suits by other persons to whom the lessors may have conveyed the premises before the fire without notice of the lease, and who may put their conveyance on record before the lease has been recorded. If the lease is recorded before the trial is finished, or perhaps even before judgment is rendered in the suit, and there is no intervening title of record, the defendant is protected, and if the rule of evidence which has been heretofore adopted is to be applied to such a case as the present we think it was satisfied by recording the lease during the arguments.

The principal question in the case is whether the plaintiffs are entitled to recover the full value of the buildings burnt, or whether their damages are to be confined to the injury to their

possession during the unexpired term of the lease, leaving to the lessors a right of action to recover for the injury to the reversion. The general rule of the common law is, that when real property is permanently injured the tenant in possession for life or a term of years and the reversioner each has a cause of action, to recover damages according to the extent of the injury to the estates of each.

The lease in this case contained the following stipulations: "And in addition to the rents to be paid as aforesaid the said party of the second part agrees to keep all the said buildings, appurtenances, and improvements in good repair, and also to maintain an amount of insurance upon all of said buildings sufficient to repair or replace them in case of destruction or damage by fire. Said repair and insurance to be at the cost of said party of the second part, and it is expressly understood and agreed by said party of the second part that, if any building shall be destroyed or damaged by fire, it shall be rebuilt or repaired by said party at once, unless this requirement shall be waived by the party of the first part, in which case all moneys received by and in the hands of the party of the second part for insurance on the damaged or destroyed property shall be promptly paid to said party of the first part, their heirs or assigns. If said party of the second part shall desire to alter or remove any building, appurtenances, or improvements on said premises, or to place any new building, appurtenances, or improvements upon the same, it shall be lawful and proper to do so, provided that all such operations shall in no wise impair the value of said premises, its buildings, appurtenances, and improvements as they now exist."

The defendant, if liable at all, is liable for the whole damages to the property, and these damages cannot be increased or diminished by reason of any contracts between the lessors and the lessees. *Burt* v. *Merchants' Ins. Co.* 115 Mass. 1. The part of the property burnt in which the lessors as well as the lessees have an interest is the buildings. If two suits are brought, one by the lessees and one by the lessors, it is of course possible that the sum of the damages recovered may be more or less than if entire damages are recovered in one suit. It usually has been considered that in two suits there is some danger that the

damages may in the aggregate be enhanced beyond what is a reasonable compensation for the injury, and this as well as the convenience of assessing the entire damages in one suit is probably the reason why statutes have been enacted in certain cases for the assessment of entire damages in a single suit, and an apportionment of them between the different owners, or the appointment of a trustee to receive the damages for the owners of estates in succession. Pub. Sts. c. 49, §§ 18–31. There are, however, no statutes which affect the present case, and we assume that the rule of the common law would apply if the lessees and the lessors were merely the owners of successive estates in the property, without modification by contract between them. But by the provisions of the lease it was the duty of the lessees to rebuild the buildings burnt unless they were excused from this duty by the lessors. The lessees might have removed the buildings if they had not been burnt, and erected other buildings, provided the value of the premises and the buildings was not impaired thereby. If the plaintiffs should perform their covenants contained in the lease, the lessors will not be injured by the fire. The cost of rebuilding may not be exactly the same as the damages for the buildings recovered in this suit, but if buildings as valuable as the old are erected upon the land by the lessees, the lessors will suffer no loss. The argument is that this is not a case of waste ; that the lessees would not be liable to the lessors for the consequences of the fire independently of their liability on the covenants of the lease; that the covenants do not affect the legal titles of either the lessors or the lessees, and therefore that the effect of the covenants cannot be considered in this action. The lessors, it is said, cannot be compelled to rely solely upon these covenants, and cannot be deprived of their action against the railroad company to recover the damages to their estate in the property.. But if the lessors should recover damages against the railroad company according to their title they would hold them, not for their own use, but for the use. of the lessees, if the lessees should perform their covenants. If it should cost the lessees more to rebuild than the damages recovered, this is the lessees' loss ; if it should cost less, and if the buildings erected should be as valuable to the lessors as the buildings burnt, this is the lessees' gain. The lessees have

the right to make restitution *in specie,* and if this is done during the term the lessors cannot complain. If the question was of the value of the lessees' term, it would be estimated with the burdens and benefits of the covenants connected with it according to the stipulations of the lease. The effect of these covenants is almost, if not quite, enough to make the buildings personal property as between the parties. It is settled that a bailee in possession of personal chattels can recover full damages for an injury by a stranger to the property. *Brewster* v. *Warner,* 136 Mass. 57. And in certain cases a tenant in possession of real property having a limited interest is permitted to recover full damages for a trespass. *Rockwood* v. *Robinson,* 159 Mass. 406. *Attersoll* v. *Stevens,* 1 Taunt. 183. See *Walter* v. *Post,* 6 Duer, 363; *Cook* v. *Champlain Transportation Co.* 1 Denio, 91; *Austin* v. *Hudson River Railroad,* 25 N. Y. 334.

In this case we think that the lessees are entitled to recover full damages for the destruction of the buildings as if they were the bailees of the buildings as personal property, and that their obligation to rebuild the buildings and their right to remove them and erect other buildings gave to the lessees an interest in the buildings apart from their interest in the land sufficient to enable them to recover such damages. It does not appear that the lessors are not content that entire damages should be recovered by and paid to the plaintiffs in this action. If the lessors have any interest in the damages they can, before they are paid, intervene by proper proceedings.

The questions asked of the witness Carpenter were immaterial. The liability of the defendant to the plaintiffs must be determined on the facts as they existed at the time of the fire. What was done afterwards between the lessors and lessees does not concern the defendant. The valuation of the property by the assessors for the purposes of taxation was incompetent to prove the damages. The insurance was wholly *res inter alios.**

---

* The defendant's counsel asked Albert G. Carpenter, one of the plaintiffs, who was a witness for the plaintiffs, if he had replaced the buildings in compliance with the lease, if there was any waiver on the part of the lessors of the lessees' obligation to rebuild, if the lessors had taken any of the insurance on the buildings, what valuation was put on the property by the assessors for purposes of taxation and if he knew the amount for which it was

Upon the question of the value of the ice destroyed by the fire, the defendant attempted to show that the ice was polluted by the sewage of the city of Worcester, and therefore was not merchantable and was of little value. The testimony of witnesses Allen and Gray on this subject, with the objections and exceptions thereto, is set out in the bill of exceptions from the stenographer's report of the testimony. It is sufficient to say, that, so far as this testimony was excluded against the objection and exception of the defendant, it does not appear that the witnesses had such actual knowledge of the condition of the pond at the time when the ice was taken from it as to make the testimony necessarily competent. The testimony was somewhat in the nature of an opinion, or of an inference from facts observed at times somewhat remote from the time in question, and we think that it was in the discretion of the presiding justice to exclude the testimony on the ground of remoteness.

The remarks of the presiding justice during the trial, which the defendant contends were improper statements of fact, do not appear to have been excepted to.          *Exceptions overruled.*

---

assessed, and how many tons of ice he had insured in the icehouses when burned. The judge, on the plaintiffs' objection, excluded all the questions, and the defendant excepted.