CHRISTIAN W. MOECKEL *vs.* C. A. CROSS AND COMPANY.

Worcester.     October 3, 1905. — January 13, 1906.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Nuisance. Negligence. Evidence. Landlord and Tenant. Practice, Civil, Exceptions.*

One maintaining a nuisance by carrying on a business contrary to the provisions of a statute is liable to a person injured by the nuisance.

In an action for injuries to greenhouses occupied by the plaintiff and to plants and flowers therein from an explosion on premises of the defendant, it appeared that the defendant maintained a building upon its land for the storage or keeping of gasoline and kerosene, two of the products of crude petroleum, in violation of the provisions of R. L. c. 102, §§ 113, 114, that in the rear of the building were three large iron tanks used for keeping kerosene and gasoline, which were fitted with pipes running to the large filling room of the defendant's building through which oil was drawn from the tanks, that a small room was partitioned off which was used for gluing barrels, that there was a boiler in the small room in which a fire was built when gluing was done, and that the two rooms were connected by a door which closed automatically, that this door was hung on trucks at the top, was not stable at the bottom and would swing out from the bottom, that the barrels were filled with gasoline through an automatic faucet which shut off with a spring, that it did not always close properly and then the gasoline would run over, that a lamp was used for heating glue and generally was kept lighted, that there was always a strong smell of gasoline and kerosene about the room and a good many feet from it, that on the morning of the explosion in which the plaintiff's property was injured, a servant of the defendant was engaged in gluing barrels, that in the explosion the defendant's servant was killed and near his body was found the body of a man not in the employ of the defendant. *Held,* that the jury were warranted in finding both that the defendant was maintaining a nuisance, and that it was conducting its business in a negligent manner.

Judicial notice will be taken of the fact that kerosene is a product of crude petroleum.

A lessee of greenhouses can recover for their injury from an explosion caused by the fault and negligence of another, although his lease contains a provision

under which he is not bound to repair damage caused by fire or other unavoidable casualties.

Where a party to an action asked for certain rulings which were refused properly by the judge because too broad, and excepted to the refusal, but did not except to any part of the judge's charge, this court in dealing with the exceptions has no occasion to consider whether the rulings given were correct or not.

LATHROP, J.   This is an action of tort for injuries occasioned to certain greenhouses occupied by the plaintiff, and to plants and flowers therein, from an explosion upon the premises of the defendant on March 21, 1904.   The declaration in one count alleged negligence, and in the other the maintenance of a nuisance.   In the Superior Court the jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the refusal of the presiding judge to give certain rulings requested.   There is no exception to any part of the charge.

The rulings requested were as follows :

"1.  Upon all the evidence the plaintiff cannot recover.

"2.  Upon the evidence the plaintiff is not the owner of the greenhouses and cannot recover for the damages to the same.

"3.  Upon the evidence the plaintiff is not the owner of the greenhouses and cannot recover for any permanent injury to the same.

"4.  The plaintiff has not shown that he was under any obligations to make repairs for damage caused to the greenhouses by the explosion, and cannot recover the cost of restoring the same to their former condition.

"5.  There is no evidence that kerosene or gasoline was kept or stored in any building in violation of the statute."

The first request clearly could not have been given.   There was evidence in the case that the defendant was maintaining a building upon its land for the storage or keeping of two of the products of crude petroleum, namely, gasoline and kerosene, without a license, in violation of the provisions of the R. L. c. 102, § 114, and that an explosion took place.

The building in which the explosion took place was sixty feet long by thirty feet wide.   It was authorized to be built by the mayor and aldermen of Fitchburg in September, 1901, for the storage of oil.   By the terms of the license it was to be five hundred feet from any dwelling house, and the tanks were to be located outside the storehouse.   This license by the terms of the

R. L. c. 102, § 114, was to continue only until "the first day of April next succeeding the date thereof." The license was not renewed, nor was the building "properly ventilated" as required by § 113 of the same chapter, as it was not ventilated at all. The exceptions state that in the rear of the building were three large iron tanks which were not enclosed by any building or in any way covered; that at the south end of the building a small room was partitioned off, which was used for gluing barrels. There was a boiler in the small room, in which a fire was built whenever gluing was done. The two rooms were connected by a door which closed automatically when opened. The iron tanks were used to keep kerosene and gasoline, and were fitted with pipes running to the large filling room in the building, through which pipes the oil was drawn from the tanks.

There was evidence that the defendant's servant was engaged in gluing barrels on the morning of the accident; that the door which closed automatically was hung on trucks at the top, and was not stable at the bottom, and would swing out from the bottom. There was also evidence that the method of filling the barrels with gasoline was through an automatic faucet, which shut off with a spring; that it did not always snap off, and then it would run over. It further appeared that there was a lamp used for heating glue, which generally was kept lighted; and that there was always a strong smell of gasoline and kerosene about the room, and "a good many feet from it."

In the explosion the defendant's servant was killed, and close to his body was found the body of a man not an employee of the defendant. The defendant contends that this man might have caused the explosion; but there is no evidence of this, and the jury were warranted in finding both that the defendant was maintaining a nuisance and was carrying on the business in a negligent manner.

With this subject may be considered the fifth request. There was evidence that usually some filled barrels of kerosene were kept in the filling room, but not very much gasoline, sometimes not any. There was evidence that gasoline is a product of crude petroleum, but there was no direct evidence that kerosene is such a product; and the defendant seriously makes this point in his

brief. This however is a matter of common knowledge. This request was rightly refused.

That a person carrying on a business contrary to the provisions of a statute is liable to a person injured thereby is well settled. *Quinn* v. *Lowell Electric Light Co.* 140 Mass. 106. See also *Murtha* v. *Lovewell*, 166 Mass. 391.

The second, third and fourth requests may be considered together. The greenhouses in question were about twenty-five years old, and were located on land owned by one Sawyer. They were built on brick foundations which went below the ground, with boilers and piping for steam heat. There were four large and three small hothouse buildings. Two of the hothouses, called lean-tos, were connected with a larger hothouse structure, and formed practically one greenhouse. This building was connected with the plaintiff's house, and there was evidence that more injury was done to this greenhouse than to the others. This greenhouse was held under a lease from one Sawyer, which will be hereinafter referred to. The other hothouse, or lean-to, was connected with three other hothouses or greenhouses, and was about seventy-five feet from the greenhouse connected with the plaintiff's building. These the plaintiff claimed to own under a bill of sale from one Liversage, a former tenant of Sawyer. This bill of sale was of three greenhouses, " together with the boiler, piping, apparatus, and fixtures used in and connected with said greenhouses ; and all the stock of plants, bulbs, coal, flower pots, vases, wire designs, paper, boxes, two show cases, tools and implements now owned by me and in said greenhouses. Also one show case and one stove now in the building used by me as an office and situate near the above named greenhouses. Also the good will of the florist business heretofore carried on by me at said greenhouses."

The lease from Sawyer was for the term of three years from July 1, 1902, and contained the following provisions : " That the lessor shall give at least four months' notice to lessee should he require or undertake the removal of the greenhouses abutting on Summer Street unless otherwise mutually agreed, but said removal shall not take place in winter. The lessee is to paint or glaze all hot or greenhouses and keep them in first-class condition. That all improvements made by lessee shall immediately

become the property of the lessor." The lease contained the covenant that the lessee should "deliver up the premises to lessor at the end of the term in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same now are." And also the following provisions: "And provided also, that in case the premises, or any part thereof during said term, be destroyed or damaged by fire or other unavoidable casualty, so that the same shall be thereby rendered unfit for use and habitation, then, and in such case, the rent hereinbefore reserved, or a just and proportionate part thereof, according to the nature and extent of the injuries sustained, shall be suspended or abated until the said premises shall have been put in proper condition for use and habitation by the said lessor, or these presents shall thereby be determined and ended at the election of the said lessor or his legal representatives."

The plaintiff testified that the rent paid by him under the lease was all the rent paid by him for all the premises occupied by him. There was no evidence of any agreement of the owner of the land, either with the plaintiff or with any former tenant of the premises, as to the right of removal of the greenhouses, or of any rights therein, except as above set forth in the lease.

The plaintiff was entitled to recover according to his interest in the greenhouses, and it makes no difference whether or not he was the owner of them. All three requests were too broad, as they made no distinction between the greenhouses conveyed by the bill of sale and those which the plaintiff held under the lease. If we assume that the plaintiff could not recover for the greenhouses occupied by him under the bill of sale, still he was obliged to keep the greenhouses held under the lease "in first-class condition." The lessee also covenanted to deliver up the premises at the end of the term in as good order and condition as the same were in at the beginning of the lease, with certain exceptions. This gave him the right to recover for a permanent injury done by a third person, *Anthony* v. *New York, Providence, & Boston Railroad*, 162 Mass. 60, 65, unless the exceptions in the lease change the rule of law.

The defendant contends that the injury falls within the exception "fire and other unavoidable casualties"; that therefore the

lessee was not bound to repair; and that he cannot recover in this action. But this argument does not make the request any the less too broad. The plaintiff could recover, as we have said, for his interest in the buildings. The liability of the defendant does not depend upon the contract between the lessor and lessee. 162 Mass. 63.

As no exception was taken to any part of the charge, we have no occasion to consider whether the rulings given were correct or not.

*Exceptions overruled.*

*C. F. Baker & W. P. Hall,* for the defendant.
*C. E. Tupper,* for the plaintiff.