HUNT DRUG COMPANY *vs.* WALTER HUBERT.

Suffolk.    May 13, 1937. — September 16, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Nuisance. Evidence,* Presumptions and burden of proof. *Adverse Possession. Negligence,* Toward one having possession of property.

The burden of establishing, as a defence to an action for negligently damaging a sidewalk sign, that the sign was a public nuisance because illegally maintained, was on the defendant.

The tenant of a drug store, in front of which there was a sidewalk clock and sign which, if real estate, he held as his own, and not as tenant, by an independent, exclusive possession adverse to his landlord, could recover the entire damage done to them by negligence of a third person.

TORT. Writ in the Municipal Court of the Roxbury District of the City of Boston dated June 26, 1935.

Upon removal to the Superior Court, the action was heard without a jury by *Weed,* J., who found for the plaintiff in the sum of $450. The defendant alleged exceptions.

*G. L. Dillaway,* for the defendant.

No argument nor brief for the plaintiff.

QUA, J. The plaintiff seeks to recover for damage to a sidewalk clock and to an electric sign thereon caused by the superstructure of the defendant's barrel truck striking the

clock. The base of the clock, which with the framework weighed about seventeen hundred pounds, was of cast iron riveted into a cement block which was set into the sidewalk near the curb in front of premises occupied by the plaintiff as a drug store.

The case was heard upon the report of an auditor without other evidence. The auditor found subsidiary facts, presumably justified by evidence before him, and also made a general finding for the plaintiff. Unless the report shows error on its face the findings of the auditor must govern the case. *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 246. *Ballou* v. *Fitzpatrick*, 283 Mass. 336, 338.

The defendant contends, as we understand him, that the clock and sign were public nuisances and therefore that the plaintiff cannot recover, citing *Garey* v. *Ellis*, 1 Cush. 306. But G. L. (Ter. Ed.) c. 85, § 8, provides for the granting of permits for the placing and maintaining of signs and clocks on or over public ways. The auditor finds that the plaintiff had a permit to maintain the clock, and although he states that there was no evidence introduced by either side as to a permit to maintain the sign, he ruled that the burden was upon the defendant to prove illegality and therefore found that the sign also was lawfully maintained. The ruling was right. *Conroy* v. *Mather*, 217 Mass. 91, 94. *Jubilee Yacht Club* v. *Gulf Refining Co.* 245 Mass. 60. *Janevesian* v. *Esa*, 274 Mass. 231, 233. See *Commonwealth* v. *Packard*, 185 Mass. 64.

The defendant further contends that the plaintiff had no title to the clock, and that in any event it can recover only for such damage as it sustained in its capacity as a tenant, and that only the landlord can recover for injury to the reversion. The defendant relies upon *Hastings* v. *Livermore*, 7 Gray, 194, *Foley* v. *Wyeth*, 2 Allen, 131, *S. C.* 2 Allen, 135, *Sherman* v. *Fall River Iron Works Co.* 2 Allen, 524, *Anthony* v. *New York, Providence & Boston Railroad*, 162 Mass. 60, and *Moeckel* v. *C. A. Cross & Co.* 190 Mass. 280.

The auditor found these facts: The clock was purchased and installed thirty or thirty-five years ago by one Mac-

Kenzie, who occupied as a tenant the premises now occupied by the plaintiff. After four or five years MacKenzie moved elsewhere, leaving the clock. The store remained vacant two or three months and was then occupied by the Roxbury Spa, to whom MacKenzie sold the clock. There is a chain of conveyances of the clock from the Roxbury Spa to the plaintiff. Since MacKenzie's time the premises have been owned successively by three or four landlords. There was no evidence of any transfer of the clock by any of the landlords to the plaintiff or to any of the preceding tenants.

The defendant contends that when MacKenzie vacated the premises the clock which he left became part of the real estate and belonged to the landlord under the rule of *Watriss* v. *First National Bank of Cambridge*, 124 Mass. 571. But there are further material findings: "Ever since the plaintiff occupied the premises in question it has exercised full control and dominion with respect to the clock." "The plaintiff for over twenty years had exercised all the incidents of ownership with respect to the clock and had paid for its repair and upkeep." "Whatever the plaintiff's rights might be" against its landlord, it "at least has a possessory title to the clock which would be good against a third person who does not assert a paramount title." The auditor also found that so far as the question is one of fact or of mixed law and fact the plaintiff is not barred on the ground of lack of title.

These findings show that if the clock was only a personal chattel the plaintiff had both title and possession. If the clock had become real estate, we think the findings, taken in connection with the general finding for the plaintiff, should be construed to mean that the plaintiff did not hold possession of it as tenant of any landlord, but that under color of a conveyance the plaintiff held exclusive possession in itself adversely to the owner of the fee. The auditor does not go quite to the extent of finding that the plaintiff acquired full title to the clock by adverse possession, although he does not find that such was not the fact. However, the possession which he does find is enough to support recovery for the entire damage done to the clock. *Cutts* v,

*Spring*, 15 Mass. 135. *Cook* v. *Rider*, 16 Pick. 186. *Barnstable* v. *Thacher*, 3 Met. 239. *Thoreau* v. *Pallies*, 1 Allen, 425. *Perry* v. *Weeks*, 137 Mass. 584. *Litchfield* v. *Ferguson*, 141 Mass. 97, 100. *Nickerson* v. *Thacher,* 146 Mass. 609. *Percival* v. *Chase*, 182 Mass. 371, 374. Am. Law Inst. Restatement: Torts, §§ 157, 162. The fact that the plaintiff held the clock by an independent possession of its own and not as a tenant distinguishes this case from the cases upon which the defendant relies.

The facts found do not show contributory negligence as matter of law in the maintenance of the clock and sign.

*Exceptions overruled.*