Zottoli, J.
This is an action of tort in which the plaintiff seeks to recover for damage by fire to its apartment building caused by the negligence of the defendant. No *44 question of evidence or pleading is presented. The only issue tried relates to the question of damages.
“At the trial there was evidence from which the court could find that the plaintiff had legal title to the premises, which consisted of a brick apartment house of twelve apartments, each of which opened onto- a front hall and stairwell common to all and onto a rear hall and stairwell likewise common to all.” There was further evidence that the fire started in the basement and extended upwards, damaging different parts of the building. The report sets out in detail the locus and the extent of the damage on which the court’s finding was posited. It is not necessary to again enumerate the specific items of damage caused by the fire. It may be summarized by pointing out that some of the injury was to portions of the building in the exclusive possession and control of the plaintiff; other damage was to common areas and stairways in the possession and control of the plaintiff, but subject to a right of user by those lawfully entitled thereto; still further damage was to- apartments let to tenants at will and to service pipes and wiring leading thereto from meters located in the basement of the premises in question. There was evidence that the fair cost of repairing and restoring the premises to the condition it was in immediately before the fire amounted in all to $1205.00. The report states that “neither party raise's any question but that the above figure represents the monetary damage to the premises” and that the damage stated “was a direct result of the fire”. “The parties agree that the plaintiff made all the repairs to the parts of the building damaged by the defendant”.
In due season the defendant filed two requests for rulings. The first request in substance asked the court to rule *45 that the evidence did not warrant an assessment of damages with respect to either the plaintiff’s “reversionary” or “possessory” interest in “the pipes and wiring”; “the common halls and stairwells”; “the apartments which were occupied by tenants at the time of the fire”; “the store room” nor in “the hall where the meters were located”. The second request called for a ruling that the plaintiff could “not recover in this action for the full amount of damage done to any part of the premises in which any other person had a possessory interest”.
In refusing the defendant’s first request the court made the following special finding, and statement,— “ (1) The evidence warrants assessment of damages for injury to both reversionary and possessory interests. Thus I find that there was damage to the extent of $1,025.00 to the plaintiff’s real estate as such as distinguished from loss of enjoyment or profit from its use; that to this extent the property of the plaintiff was permanently injured in its capital aspect as distinguished from its income or enjoyment aspects; that this sum is necessary to restore the plaintiff’s capital asset whether the property was vacant or occupied and so that the plaintiff can enjoy it as before the accident or make income from it. Whether or not on this or any other pleading the plaintiff could recover for the loss of use or income from it on proper evidence is not necessary to decide. I find no such loss on the evidence given. Nor is it necessary to decide whether tenants could show that they were damaged in their enjoyment or, for example, by having to pay for enjoyment they did not receive, as that matter is not before me and on the evidence I would find no such damage shown. I refer to this merely to make plain for what I do assess damages”.
*46 In treating the second request the court stated; — “(2) This request is not clear: If it means that the plaintiff (owner) cannot recover for damages done to the tenant in his possessory interest, I give it. If it means that the plaintiff cannot recover for the full damage done to it, I refuse it”.
We feel there is no error in the court’s treatment of the defendant’s requests for rulings.
The general rule is that when a wrong has been done, and the law gives a remedy, the compensation shall be equal to the injury or damage. The latter is the standard by which the former is to be measured. The injured party is to be placed as near as may be in the situation he would have occupied if the wrong had not been committed. It is of little consequence by what name the damages given are called, providing the case is one involving that class of injuries or damage which the plaintiff is entitled to recover. The important question always is, in every case, “was the character of the wrong suffered or injuries sustained, such as may be lawfully atoned for or compensated in money”. This rule has been applied in a variety of cases. Swift v. Barnes, 16 Pick. 194, Parker v. Simons, 8 Met. 205, Sargent v. Franklin Ins. Co., 8 Pick. 90, Rockwood v. Allen, 7 Mass. 254, Danforth v. Pratt, 9 Cush. 318, Noble v. Ames Mfg. Co., 112 Mass. 492, 497, Hastings v. Livermore, 7 Gray 194, 197, 198, King v. Bangs, 120 Mass. 514, Anthony v. New York etc. Rd., 162 Mass. 60, 63, Lowrie v. Castle, 225 Mass. 37, 47, G. E. Lothrop Theatres v. Edison Elect. Ill. Co., 290 Mass. 189, 194. This appeal presents only aspects of the general principle “that the plaintiff is to be made whole and compensated for what he has lost”. It is the loss of his interest, whatever it may be, that he is entitled to recover *47 for. Applying this principle to the facts of this case, it is apparent that there can be no legal ground of complaint for granting the plaintiff damages for the injury to that part of the structure which was exclusively in his possession and control at the time of the fire. It is equally clear that there can be no just cause of complaint because the court allowed the plaintiff to recover for the damage to the “common areas” which remained in the possession and control of the plaintiff, and to which others had only a right of user. As to- such areas the plaintiff not only had the title, possession and control, but also the obligation and duty to the tenants and to persons using the premises in their right “to exercise reasonable care to keep them in the condition with respect to safety in which they were, or to a person of ordinary observation would appear to be, at the time of the letting”. Silver v. Cushner, 300 Mass. 583, 584, 585. Schwartz v. Feinberg, Mass. A. S. (1940) 1093. The plaintiff, as an owner in possession and control of these “common areas”, was entitled to the reasonable cost of replacing them in the condition they were in before the fire. Restatement of the Law, Torts, Sec. 929, cl. a and b. This is all the trial judge allowed the plaintiff.
We think it is also clear that the defendant’s objections to the court’s assessment of the damages for the physical loss caused to- the apartments let to tenants at will and to service pipes and wiring leading thereto from meters located in the basement of the premises are also not tenable.
It is true that “in estimating the injury to the tenants right of possession, it may be necessary to allow full compensation for the injury on the ground that the whole loss falls on the tenant by the terms of the lease. So where the tenant sues for an injury to the premises demised, and by *48 the terms of the tenancy the plaintiff is bound to make repairs and to restore the premises to a landlord at the end of a term in as good a condition as when they were leased, then the defendant is bound to enable the plaintiff to put the premises in as good a condition as it was when the trespass was committed”. 1 Sedgwick on Damages (9th Ed.) 112, sec. 71. The general rule of the common law is, that when real property is permanently injured by a wrongdoer the tenant in possession for life or for a term of years and the reversioner each has a cause of action, to recover damages according to the extent of the injury to the estates of each. Anthony v. New York etc. Rd., 162 Mass. 60, 63, Moeckel v. Cross & Co., 190 Mass. 280, 285, Dickinson v. Goodspeed, 8 Cush. 119.
The trial judge found that the tenants who occupied the apartments in question were “tenants at will”. A tenant at will, in the absence of an express agreement “is not bound to repair, and takes no charge upon himself but to occupy and pay rent”. 1 Taylor, Landlord and Tenant (8th Ed.) 429. It is also true that in the absence of an agreement or covenant to repair, a landlord is not bound to make repairs. A tenant in the absence of such a covenant, “takes the premises for better or for worse” and “cannot involve the landlord in expense for repairs without his consent”. 1 Taylor, Landlord and Tenant, 376, sec. 434, Palmigiani v. D’Argenio, 234 Mass. 434, Miles v. Janvrin, 200 Mass. 514, 515. From the fact that a landlord is not bound to make repairs, in the absence of an agreement to do so, it does not follow that he has no right to make them should he choose so to do. The evidence reported shows that the plaintiff made the repairs. From this fact the court had the right to infer that the plaintiff not only had the right to repair but *49 also the obligation to make them. Cf. Readman v. Conway, 126 Mass. 374, 377, Poor v. Sears, 154 Mass. 539, 548, 549, Maionica v. Piscopo, 217 Mass. 324, 328. The judge had the right to draw reasonable inferences from the facts and. testimony. The drawing of such inferences is a question of fact. McLean v. Neipris, Mass. A. S. (1939) 1673, Brooks v. Davis, 294 Mass. 236, U. S. Fidelity & Guaranty Co. v. English Constr. Co., Mass. A. S. (1939) 739, 742. It appears that the court has only compensated the plaintiff because of the invasion of his property rights. A landlord does not lose Ms right to have damages assessed for the injury to his interests because a tenant may also have a right to recover for an invasion of his possessory rights. The position of the landlord and tenant is separate and distinct. Each has a right to be compensated for the injury caused by the wrongful invasion of Ms rights and interests. Kostopolos v. Pezzetti, 207 Mass. 277, 280. The fact that there is an element of uncertainty in the assessment of damages is not a bar to their recovery. H. D. Watts Co. v. American Bond & Mortgage Co., 267 Mass. 541, 554, Cutter v. Gillette, 163 Mass. 95, Parker v. Levin, 285 Mass. 125, 129.
No error appearing in the disposal of the defendant’s requests for rulings, the order is, — ■
Report dismissed.