*Northern District*

## No. 8282

## COMFORT AIR SYSTEMS, INC.
### v.
## SANTO CACOPARDO
### and
## SANTO CACOPARDO
### v.
## COMFORT AIR SYSTEMS, INC.

Argued: June 19, 1975. Decided: July 17, 1975.

Case tried to *DiCicco, J.* in the First District Court of Southern Middlesex. Nos. C19987 and C19978.

Present: Cowdrey, P.J., Flaschner, Bacigalupo, JJ.

**Bacigalupo, J.** This is a consolidated petition to establish reports in the cases of *Comfort Air Systems,*

*Inc.* (hereinafter called, "Comfort") v. *Santo Cacopardo* (hereinafter called, "Cacopardo") and *Santo Cacopardo* v. *Comfort Air Systems, Inc.*

In the case of *Comfort* v. *Cacopardo,* the trial court found for the defendant. In the case of *Cacopardo* v. *Comfort,* the trial court found for the plaintiff in the sum of $1,041.00.

Comfort seasonably filed a claim of report and a draft report in each case. Subsequently, Comfort filed a revised draft report in the case of *Comfort* v. *Cacopardo* and a second draft report in the case of *Cacopardo* v. *Comfort.*

The revised report and second report contained the words, "that the report contains all of the evidence and facts material to the issues to be decided by the Appellate Court." This statement was omitted in Comfort's original draft reports.

The trial justice dismissed plaintiff's draft report in the case of *Comfort* v. *Cacopardo* "on the grounds that it is fatally defective in that it fails to include a statement to the effect that such report contains all the evidence material to the question or questions reported, . . . . .".

In the case of *Cacopardo* v. *Comfort,* the trial justice dismissed defendant's draft report on grounds that "The defendant's so-called 'Second Draft Report' is dismissed on grounds that such report is fatally defective in that the defendant's draft report was not filed within ten days after the cause became ripe for judgment as required by Rule 28 of the District Courts."

At the outset, it is clear that Comfort has misconceived its remedy to bring its complaint before the Appellate Division.

The exclusive remedy for the review of an order dismissing a report or a draft report is by a claim of report challenging the correctness of the order of

dismissal and not by a petition to establish a report. *Gallagher v. Atkins,* 305 Mass. 261, 264-265 (1940); *Monahan, Jr. v. Central Chevrolet, Inc.,* 44 Mass. App. Decs. 139, 141 (1970); *District Court Rule* 28 (1965).

While the foregoing disposes of Comfort's complaint, we comment on the argument of counsel for Comfort in which he strenuously urges us, in the interest of justice, to abandon the requirement that the report contain a statement that "this report contains all of the evidence material to the question reported".

It has repeatedly been held that provisions of statutes and of rules of court regulating Appellate procedure are construed strictly, *Framigletti v. Neviackas,* 324 Mass. 70, 72 (1949) and failure to comply is fatal to the right to prosecute and appeal. *Murphy v. William C. Barry, Inc.,* 295 Mass. 94, 97 (1936). Moreover, rules of court have the force of law and are binding upon the court and the parties and cannot be waived, ignored or dispensed with to suit the circumstances of any particular case. *Flynn, Pet.,* 265 Mass. 310, 313 (1928); *Peerless Machinery Co. v. William Herbert, Trustee,* 46 Mass. App. Decs. 169, 170 (1971).

We note in passing that the petition to establish the reports is fatally defective in that it does not contain an allegation that the draft report truthfully sets forth the matters claimed as errors nor does it contain an affidavit that the maters recited in the draft report and in the petition are true as of the personal knowledge of the affiant. *The Connecticut Bank and Trust Co.,* 37 Mass. App. Decs. 196 (1967).

For reasons hereinbefore set forth, the consolidated petition to establish the reports is denied.