*Southern District*

# No. 121

# JANICE LOWE and
# JOYCE MOGILNICKI
## v.
# C. GORDON BROWNVILLE

Argued: August 26, 1975. Decided: November 14, 1975.

Case tried to *Tracy, J.,* in the Second District Court of Barnstable. Number: 20382.

Present: Lee, P.J., Rider, J.

## DECISION OF JUSTICES OF APPELLATE DIVISION ON PLAINTIFFS' PETITION TO ESTABLISH REPORT

**Lee, J.** Pursuant to Rule 30, District Court Rules, 1965, as amended, both parties were notified and a hearing held by this court sitting at Barnstable on August 26, 1975.

This petition stems from an original action brought by tenants [plaintiffs] under G.L. c. 186, §14, for damages due to alleged violations by the landlord, defendant. A motion to dismiss was filed by the landord (defendant). The court allowed the defendant's motion to dismiss; a draft report was subsequently filed by the plaintiffs and denied by the trial justice. This petition to establish the report was then brought in behalf of the plaintiffs.

The record before us does not justify any report being established.

This petition must fail for a number of reasons.

■■ The petitioners did not protect their right to appeal by filing requests for rulings of law in regard to the motion to dismiss in compliance with Rule 27, District Court Rules, 1965, as amended. *A. A. Proctor & Co., Inc. v. Slavet,* 48 Mass. App. Dec. 130, 23 LEGAL-ITE 240. *Plante v. Caldas,* 52 Mass. App. Dec. 127. 24 LEGALITE 461.

■■■ The proper remedy for the petitioners was to claim a report to the Appellate Division upon the trial justice's denial (we treat the trial justice's denial of the draft report as being tantamount to dismissal which was the correct term he should have used in his action) of the draft report. Rule 28, District Court Rules, 1965 as amended. *Comfort Air Systems, Inc. v. Cacopardo,* 26 LEGALITE 394, 56 Mass. App. Dec. 47. *Gallagher v. Atkins,* 305 Mass. 261.

It also would have been more helpful had the trial justice stated his reason for dismissal in order to clarify his decision; however, we are still able to deduce from the record in front of us certain errors of procedure which enable us to make a determination as to this petition.

We also note the petitioners' failure to comply with the draft report model setout at the end of Rule 28 of the District Court Rules, 1965, as amended. This draft report contains much of the argument of counsel inserted into the report which is not good pleading.

■■■ Even if these deficiencies did not exist, we find no merit in the petitioners' case. *Brady v. Wenner,* 31 Mass. App. Dec. 120. 16 LEGALITE 247. This action is brought pursuant to G.L. c. 186, §14 which provides for a criminal penalty for any landlord interfering with the furnishing of utilities by another to a tenant in one of his dwellings and also civil damages are to be assessed against said landlord for any such violation. In the instant case the landlord (defendant) was found not guilty of any such violation and it follows that no civil action could lie against him.

**The petition to establish a report is denied.**