MASSACHUSETTS GENERAL HOSPITAL *vs.* EUGENE M. BRODY. September 29, 1983. *Practice, Civil,* Summary judgment, New trial. *Contract,* Implied.

Massachusetts General Hospital brought this action to recover for medical services rendered by its psychiatric division, McLean Hospital, to two minor children of the defendant. After the case was referred to a master who found for the plaintiff in the amount of $24,017.36, the case was tried before a jury. A special verdict was returned awarding the plaintiff $3,369.68 on an express contract and $18,187.68 on an implied contract.

The defendant claims that the trial court erred in denying his motions for summary judgment and for a new trial. We find no error.

1. The master found that the defendant had entered into a written agreement for the payment of the hospital's services and that payment by others for a portion of the services did not relieve the defendant from liability. These findings were "admissible as prima facie evidence." Mass. R.Civ.P. 53(i)(1), 386 Mass. 1243 (1982) (formerly numbered Mass. R.Civ.P. 53[e][3], see 365 Mass. 820 [1974]). In these circumstances the defendant was not entitled to judgment as "matter of law," Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974), and the judge properly denied the motion for summary judgment. The defendant's arguments that no contract existed and that the divorce proceedings in the Probate Court limited his contractual obligations to the hospital (express or implied) are without merit.

2. The claim that the trial judge abused his discretion in denying the defendant's motion for a new trial falls far short of the showing necessary to support the "exceedingly rare" occasion when an appellate court will set aside the action of a trial judge on this ground. *Hartmann* v. *Boston Herald-Traveler Corp.,* 323 Mass. 56, 59-61 (1948). *Kord* v. *Baystate Medical Center, Inc.,* 13 Mass. App. Ct. 909, 910 (1982).

A review of the evidence merely indicates that a different trier of fact might have reached a different result. There is no indication that the "jury . . . failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law" let alone an indication of an abuse of discretion on the part of the judge in concluding that the jury did not so fail. *Hartmann, supra* at 60. There was evidence from which the jury could reasonably have concluded that an express contract existed between the plaintiff and the defendant and that this contract was not terminated until February 28, 1968. The jury could also have found that, after that date, the defendant remained liable on the basis of an implied

contract. After February 28, 1968, the defendant continued to make payments to the hospital, and entered into a stipulation with his wife under which he agreed to make monthly payments to the hospital for charges which the master found were incurred subsequent to February 28. There was also evidence that he was willing to pay up to $15,000 a year, that he received copies of all the hospital bills, that such bills included counselling (therapy) sessions in which he participated, and that he knew that the hospital expected to be paid. The jury could also infer that the hospital had reason to believe he took part in negotiations with his wife and other members of the family to establish a division of liability among themselves.

From these facts, the jury could have concluded that the hospital had rendered the services with the expectation of being paid and that the defendant "as a reasonable man should have expected to pay" for these services. *W.W. Britton, Inc.* v. *S.M. Hill Co.*, 327 Mass. 335, 337 (1951). See *Home Carpet Cleaning Co.* v. *Baker*, 1 Mass. App. Ct. 879, 880 (1974).

*Order denying motion for a new trial affirmed.*

*Judgment affirmed.*

*Raymond H. Young* for the defendant.
*Vincent Galvin* for the plaintiff.