Welsh, J.
This is an action upon an account annexed to recover for professional services rendered to a minor child of the defendants. The defendants were formerly husband and wife.
The female defendant contends that she is not liable because the other defendant,[2] her former spouse who has filed for bankruptcy, was solely responsible for payment of such services.
The trial judge found for the plaintiff and awarded damages in the sum of $612.50, upon which judgment was entered on July 2, 1992. Apparently, neither party was wholly satisfied with the judgment. On July 13,1992, a draft report prepared by the defendant’s attorney was filed. On July 14,1992, a request for report and draft report was filed by the plaintiff. The draft report filed by the defendant was timely; that of the plaintiff was late by one day.
The docket shows a hearing was conducted on August 26, 1992. The judge disallowed the defendant’s draft report and adopted a report other than the draft report submitted by the plaintiff.
A timely filed draft report is essential to the preservation of the plaintiff s right for appellate review. A draft report which is not timely filed cannot rightly be established by the appellate division. Calcagno vs. P. H. Graham & Sons, Inc., 313 Mass. 364, 369 (1943).
The petition to establish filed by defendant is fatally flawed in several respects: the petition fails to state unequivocally that the draft report sought to be established conforms to the truth. Cook v. Kozlowski, 351 Mass. 708 (1967); Stevens v. United Artists Corp., 373 Mass. 857 (1977); the petition failed for want of verification that the recitals in the petition were true of the personal knowledge of the affiant. Massey v. Massey, 1983 Mass. App. Div. 89; see Comfort Air Systems, Inc. v. Cacopardo, 56 Mass. App. Dec. 47, aff'd 370 Mass. 255 (1975).
As to the “report” which purported to incorporate defendanf s claims of aggrievement, it appears that the report signed by the trial judge was neither the defendant’s draft report nor some amended version on which the defendant was in substantial agreement. We reiterate what we have stated before. When a trial judge is of the opinion that the draft report as submitted does not conform to the truth and after reasonable opportunity to an appellant to amend the draft report so as to conform to the judge’s view of the evidence or circumstances germane to the appeal, the proper course for the judge to take is to disallow the draft report and thus permit the aggrieved appellant to petition the Appellate Division for establishment of his draft report. A “report” substituted by the judge without the consent of the parties has no standing. The filing of such a report should be deemed a constructive disallowance. See Kilroy v. Joyce, 6 *73 Mass. App. Div. 45, 46; Powers v. Caplan, 1985 Mass. App. Div. 14, 15-16; Dreikorn v. Durkin, 1983 Mass. App. Div. 267.
Were we to assume that the “report” conveys a substantially accurate picture of the proceedings below, there would be no prejudicial error. There is no contention that the plaintiff, a licensed social worker, did not render services by way of counselling to the minor child of the defendant There is no question that she did so with the expectation ofbeingpaid.Thefemaledefendantcontendsthatbyvirtueofadivorcejudgmentinthe probate court, her husband is responsible for such payments and not she.
The duty of support is imposed on the mother as well as the father. Silvia v. Silvia, 9 Mass. App. Ct. 339, 340-341 (1908). The plaintiff was not a party to the probate proceedings between the defendants. Nor was there anything to suggest that she agreed to look solely to the husband for compensation for her services. Parents cannot bargain away their child’s right to support. As between parents as contracting parties, an informal agreement allocating responsibility for the support of the minor child of the parties will be upheld if free from fraud or coercion and was fair and reasonable at the time the divorce was entered. Probate courts possess inherent authority to modify such agreements if due to changed circumstances the support is inadequate. Financial inability of the parent bound to pay such support or obligation is such a circumstance. DeCristofaro v. DeCristofaro, 24 Mass. App. Ct. 231, 236 (1987).
The trial judge found that the services rendered were reasonable and necessary for the minor. The female defendant could properly be held liable upon a contract implied in law for the fair and reasonable value of such necessaries furnished for her minor child. Fennell v. Russell, 282 Mass. 67-71 (1933). In case bearing some similarity to the case at bar, a provider of psychiatric services to a minor child of the defendant successfully brought an action against the parent. The contention was that the Probate Court decree limited his obligations. The Appeals Court rejected this contention and upheld the award onthetheoiyofa contract implied in law. Massachusetts General Hospital v. Brody, 16 Mass. App. Ct. 993, 994 (1983).
The assertion by the female defendant that she did not herself contract for these services avails her nothing. Even if she did not agree to these services she might be found liable none the less. See Trainer v. Trumbull, 141 Mass. 527 (1886); Lamson v. Varnum, 171 Mass. 237 (1898).
Defendant alleges that the trial judge committed error in finding for the plaintiff on a complaint that contained a single count on an account annexed. The draft report discloses that all plaintiffs bills for services were sent to her ex-husband and that she did not know the amount of the bill until legal action had been brought against her. Therefore, she never agreed to the amount of the bill, nor did she agree that it was correct or that she would pay it. The trial judge recognized that an action on an account annexed d not directed to the original transaction out of which the account arose, but is directed to the question of whether the parties had in fact agreed upon the amount due and whether the same was unpaid, because he allowed defendant’s request for a ruling of law to that effect.
Instead, he made findings of fact that liability rested upon the provision of reasonable and necessary medical services to defendant’s children. Although not a part of the pleadings, it is apparent from the draft report that such evidence was entered without objection and there is no showing of prejudice to the defendant. Eva-Lee, Inc. v. Thomson General Corporation, 5 Mass. App. Ct. 764, 823 (1977). Dist./Mun. Cts. R. Civ. P., Rule 15(b) authorizes the trial of issues not raised by the pleadings when they are tried by express or implicit consent of the parties. Failure to amend the pleadings does not affect the result of the trial of these issues.
The petition to establish the report by the defendant is dismissed. The “report” based on plaintiffs claim of error is also dismissed.
So ordered.

 Rohert J. Catalano, the male defendant, did not participate in this appeal.