Dolan, RJ.
Plaintiff and defendant entered into a written contract whereby plaintiff agreed to make and install cabinets, and to do other work, in a house being built by defendant. In this action, plaintiff seeks $3,000 that he alleges is unpaid on the original $15,500 contract; all $5,166.88 claimed to be due for extra work has been paid. Defendant alleges that certain work required by the contract was not done and other work was done improperly. The court found that defendant was entitled to deduct $320 from the contract price for unfinished work, and judgment entered for plaintiff in the amount of $2,680. Defendant’s draft report was disallowed by the trial judge and this petition to establish the report was timely filed. We deny the petition.
The petition to establish the report is fatally defective in that it does not contain an allegation that the draft report truthfully sets forth the matters claimed as errors, nor does it contain an affidavit that the matters recited in the draft report and in the petition are true as of the personal knowledge of the affiant. Comfort Air Systems, Inc. v. Cacopardo, 56 Mass. App. Dec. 47, 49 aff’d 370 Mass. 255 (1976); D’Ambly v. Catolano, 1993 Mass. App. Div. 72.
The draft report is also defective. It must contain all the "facts essential to a full understanding of the questions presented.” Dist./Mun. Cts. R. Civ. R, Rule 64(c) (2). This draft report omits some crucial facts, such as testimony that defendant requested that plaintiff not cut holes in the counter top for sinks because defendant wanted any purchaser of the house, built for speculation, to be able to choose the sinks. This represents some of the work that defendant alleges is incomplete and helps to explain why all work was not complete.
Even if we assume that the draft report conveys a substantially accurate picture of the proceedings below, there would be no prejudicial error. The trial judge either allowed defendant’s requests for rulings of law or denied them because of facts found by him. In a detailed six page opinion, the judge found that plaintiff intended to fully complete the contract, and did complete the contract, except for certain "trivial” matters. Defendant is simply dissatisfied with the trial judge’s findings of fact.
Defendant now wishes to argue an issue not properly raised before the trial judge. Namely, that a new agreement was entered into between the parties that took the place of the original agreement. Defendant alleges that the new agreement has been breached by plaintiff and that the new agreement precludes plaintiff from recovering damages on the original agreement.
After the commencement of this action, plaintiff agreed to complete a punch list *139 of items prepared by the defendant and alleged by defendant to be required to be completed under the terms of the original agreement Upon completion of these items, defendant agreed to pay plaintiff the balance of the contract price. Defendant alleges this agreement was a new agreement that satisfied all obligations under the original agreement. Because plaintiff failed to complete the items on the punch list, defendant alleges that a substantial portion of the agreement has not been completed, and that the uncompleted items are not trivial when compared only with the items on the punch list.
This issue was not raised by a request for a ruling of law and we do not review it for the first time on appeal. Burns v. Martin, 1993 Mass. App. Div. 76. In any event, whether an accord and satisfaction has been proved is a question of fact on which the defendant has the burden of proof. Wong v. Paisner, 14 Mass. App. Ct. 923, 924 (1982). This division does not review findings of fact.
Petition denied.